IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony James, | ) | C/A No.: 1:13-2292-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Anthony James, proceeding pro se and in forma pauperis, is a prisoner incarcerated at McCormick Correctional Institution ("MCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He filed his complaint pursuant 42 U.S.C. § 1983 alleging that Warden Leroy Cartledge ("Cartledge") was deliberately indifferent to his serious medical needs.

This matter comes before the court on Plaintiff's motion for summary judgment [Entry #14] and Cartledge's motion for summary judgment [Entry #26]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Cartledge's motion. [Entry #28]. These motions having been fully briefed [Entry #27, #30, #31, #32], they are ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the record in this case, the undersigned recommends the district judge deny Plaintiff's motion for summary judgment and grant

Cartledge's motion for summary judgment.

I.   Factual and Procedural Background

Plaintiff alleges that he injured his ankle while playing basketball in January 2012. [Entry #1 at 3]. He was given an ace bandage by the medical department of MCI and instructed to sign up for sick call. *Id*. At sick call, he was scheduled for an x-ray, which revealed that there were no breaks or fractures. *Id*. Plaintiff alleges that his ankle continued to cause him pain for several months, and although the medical department provided him an ankle support, it did not ease his pain. *Id*. Plaintiff completed an SCDC form requesting approval for him to receive supportive shoes at his own expense from outside of MCI. [Entry #14-3 at 2]. Dr. John McRee, a physician at MCI, approved the request, but Cartledge denied the request. *Id*. Plaintiff asserts that Cartledge was deliberately indifferent to his serious medical needs in denying such request. *Id*. He seeks monetary and injunctive relief.

II.  Discussion

   A.   Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by

2

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.  Analysis

Plaintiff alleges that Cartledge was deliberately indifferent to his serious medical needs because he denied Plaintiff's request to receive more supportive shoes from outside

of the prison.[1] Cartledge avers that SCDC provides inmates with medical items, including orthopedic or special shoes, that are determined to be medically necessary. [Entry #26-4 at ¶ 4]. Cartledge argues that although Dr. McRee approved of Plaintiff receiving such items, Cartledge denied the request because of security concerns. *Id*. Cartledge also attached the affidavit of Dr. McRee to his motion, in which he opines that Plaintiff may benefit from receiving a different type of shoe, but that it is not medically necessary. [Entry #26-5 at ¶ 6]. Dr. McRee also noted that Plaintiff has previously been provided an ankle support that he believes is sufficient. *Id*.

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments that "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103–105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was

---

[1] Cartledge also argues that Plaintiff's claim is barred by collateral estoppel and res judicata because Plaintiff brought a claim in state court (C/A No.: 2011-CP-35-113) against SCDC for the denial to receive special shoes at his own expense. The undersigned has not based the recommendation on these defenses because Cartledge was not a named Defendant in the prior action, and the record before the court is insufficient to show the required identity of parties.

4

careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Here, Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs. Although Plaintiff requested that he be allowed to receive special shoes, Cartledge's denial of his request does not constitute deliberate indifference if the shoes are not medically necessary. The Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011)*; Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). While the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547

5

F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986). Here, Plaintiff argues only that the shoes will limit his pain [Entry #14-2 at 2], but fails to show that the special shoes are medically necessary.

Additionally, to the extent Plaintiff disagrees with Cartledge's rationale in denying his request for the shoes in light of security concerns, he has failed to state a constitutional violation. The Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). Because Plaintiff has failed to demonstrate Cartledge has violated his constitutional rights, the undersigned recommends Cartledge be granted summary judgment.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion for summary judgment [Entry #14] be denied and Cartledge's motion for summary judgment [Entry #26] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 26, 2014                                   Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).