IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Anthony James, | ) |
|                     Plaintiff, | )  C/A No. 1:13-2292-TMC |
| v. | )  **OPINION & ORDER** |
| Warden Leroy Cartledge, | ) |
|                     Defendant. | ) |

Plaintiff Anthony James ("James"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 on August 19, 2013. (ECF No. 1 at 5).[1] On September 26, 2013, James filed a motion for summary judgment. (ECF No. 14). On November 26, 2013, Defendant Warden Leroy Cartledge ("Warden Cartledge") filed a response opposing the motion (ECF No. 27), and a motion for summary judgment. (ECF No. 26).[2] James timely filed a response opposing the motion (ECF No. 30), and Warden Cartledge timely filed a reply. (ECF No. 31). James also filed a sur-reply. (ECF No. 32). On February 26, 2014, the magistrate judge filed a Report and Recommendation ("Report") in which she recommended that James' Summary Judgment Motion be denied and Defendant's Summary Judgment Motion be granted. (ECF No. 33). James timely filed objections on March 19, 2014 (ECF No. 35), and Warden Cartledge filed a

---

[1] Applying the mailbox rule, the court considers the Complaint to have been filed on August 19, 2013, the date it was signed, and the earliest date which the Complaint could have been given to prison officials. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court). *See also, Marsh v. Soares*, 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed.").

[2] The court notes that James incorrectly spells Warden Cartledge's name in the Complaint. The docket has been corrected to reflect the proper spelling.

response to those objections on March 24, 2014 (ECF No. 36). James also filed a declaration regarding his objections on June 23, 2014. (ECF No. 38).

## I. Facts/Background

After James injured his ankle while playing basketball in January 2012, he was treated and prescribed an ankle support. After several months, in April James sought permission to receive supportive shoes from an outside source at his own expense. Although medical personnel approved James' request, Warden Cartledge refused to approve it. James alleges Warden Cartledge was deliberately indifferent to his serious medical needs. James states that his ankle has healed somewhat, but it still slightly swollen and he has pain at night. He acknowledges that the pain medication helps, but he believes he would not have had to continue pain medications if he had been allowed to wear supportive shoes and his injury had properly healed.

## II. Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

### III. Discussion

Warden Cartledge moves for summary judgment on several grounds, including that this action is barred by collateral estoppel and res judicata and the complaint fails to state a claim under § 1983. The magistrate judge recommends that this action be dismissed for failure to state a claim. The magistrate noted that Warden Cartledge submitted an affidavit from Dr. McRee in which he avers that the ankle support provided to James was sufficient and, although James may have benefitted from a different shoe, it was not medically necessary. Further, the magistrate judge noted that Warden Cartledge's rationale for denying the shoes involved security concerns, which is entitled to deference.

James raises three objections. First, James contends that the Report is contradicted by his medical records. Specifically, he alleges that because his medical treatment was inadequate, the denial of his request to purchase shoes from an outside source was the denial of medical treatment. The fact that Dr. McRee's treatment of James may not have been effective does not give rise to a constitutional violation. *Starling v. United States*, 664 F.Supp.2d 558, 569-70 (D.S.C. 2009). Moreover, even if James could establish that supportive shoes were appropriate, his claim would amount to no more than negligence, which is not actionable. At best, the evidence supports an inference that other shoes might have made James more comfortable, but this does not rise to the level of a serious medical need for Eighth Amendment purposes.

Second, James contends that the magistrate judge erred by stating that Warden Cartledge denied James' request for more supportive shoes. James contends that he did not have any type of supportive shoes, and he was not requesting better supportive shoes. The court believes the magistrate judge was simply stating James was requesting shoes which were more supportive than regular shoes and not that James has supportive shoes and was seeking to obtain more supportive shoes. Accordingly, the court finds this objection is without merit.

Third, James contends that the magistrate judge erred by accepting Dr. McRee's medical

3

opinion and using it to support her recommendation to grant Warden Cartledge summary judgment. He contends that he was not seen by Dr. McRee for seventeen months and this shows "bad medical practice." (Objections at 4). It appears James is arguing that the magistrate judge erred in relying on Dr. McRee's affidavit in which Dr. McRee stated that it was not medically necessary for James to receive a different type of shoes. However, James' disagreement with Dr. McRee's medical opinion does not render the affidavit inadmissible.

As a medical professional, Dr. McRee was entitled to evaluate James' condition and render a judgment as to the type of care and treatment warranted, and James' mere disagreement with Dr. McRee's opinion, without any supporting medical evidence, is not a basis for a § 1983 deliberate indifference lawsuit. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (holding disagreements between an inmate and physician over the inmate's proper medical care do not state § 1983 claim absent exceptional circumstances). *See also Guillen v. Stanley*, 2006 WL 2065571 at *5-6 (E.D.Tex. July 24, 2006) (unpublished) (holding that prisoner's disagreement with medical personnel's opinion that he did not need medical boots did not amount to a constitutional violation); *Thomas v. Herrera,* 2005 WL 3307528 at *6 (S.D.Tex. Dec. 6, 2005) (unpublished) (holding that plaintiff's disagreement with doctor's failure to prescribe him special work boots was not a cognizable constitutional claim).

Furthermore, to bring a claim alleging the denial of medical treatment against non-medical prison personnel, such as Warden Cartledge, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent t o the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id.* Applying these principles, James has not alleged sufficient facts stating any claim actionable under § 1983 regarding his medical treatment against Warden Cartledge. Based on the record, there has been no deliberate

4

indifference shown to the overall medical needs of James, and no reasonable jury could find that Warden Cartledge was subjectively and deliberately indifferent to the James' serious medical needs.

## IV.  Conclusion

Based on the foregoing, the court adopts the Report. Therefore, Plaintiff's Summary Judgment (ECF No. 14) is **DENIED**; Defendant's Summary Judgement (ECF No. 26) is **GRANTED**; and this action is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

July 7, 2014  
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5